UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lisa Dwyer,

          Plaintiff,      Case No. 21-cv-12024

v.                                  Judith E. Levy
                                    United States District Judge

Michelle Hall, Charisse Lowther,
and Sonora Harden,         Mag. Judge Kimberly G. Altman

          Defendants.

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14] AND GRANTING DEFENDANTS' MOTION TO DISMISS [9]**

On April 25, 2022, Magistrate Judge Kimberly G. Altman issued a Report and Recommendation ("R&R") (ECF No. 14) recommending that the Court grant the motion to dismiss filed by Defendants Michelle Hall, Charisse Lowther, and Sonora Harden. (ECF No. 9.) The parties were required to file specific written objections, if any, within fourteen days of service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). On May 6, 2022, the Court granted the parties' stipulation extending the objections deadline to May 23, 2022. (ECF No. 15.)

On May 23, 2022, Plaintiff Lisa Dwyer filed three objections to the R&R. (ECF No. 14.) In her first objection, Plaintiff argues that she "had a constitutional right to arrange legal visits with [her minor client] DB." (*Id.* at PageID.134.) In her second objection, Plaintiff argues that she had third-party standing to challenge the juvenile facility's visitation policy. (*Id.* at PageID.138.) In her third objection, Plaintiff argues that the R&R misinterprets *ACLU Fund of Michigan v. Livingston County*, 796 F.3d 636 (6th Cir. 2015), because "[c]ontrary to the Report (ECF No. 14), *ACLU v Livingston County* was not based on a request for third-party standing but either on the standing of the ACLU or a recognition of third-party standing for the ACLU." (*Id.* at PageID.140.) Defendants responded to these objections. (ECF No. 17.)

For the reasons set forth below, Plaintiff's objections are overruled, and the R&R is adopted. Accordingly, Defendants' motion to dismiss is granted.

I. **Background**

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 14, PageID.111–118.) This is a case about whether there was a

2

violation of a lawyer's—not her client's—constitutional right to confidential communications with her client.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing

3

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

#### A. Objection 1

In her first objection, Plaintiff presents two arguments. First, she argues that she "had a constitutional right to arrange legal visits with DB." (ECF No. 16, PageID.134.) Second, she states that the R&R references the juvenile facility's new written policy for attorney visitation but that the court "never reviewed this new policy to ensure that it would provide meaningful access by attorneys to their clients at the Juvenile facility." (*Id.* at PageID.134–135.)

Regarding her first argument about the "constitutional right to arrange legal visits" with her minor client, Plaintiff contends that attorneys must have a right to arrange legal visits in order to protect their ability to communicate confidentially with their clients. (*See id.* at

4

PageID.135–138.) She argues that "[w]ithout confidential meetings arranged by Plaintiff, counsel could not become fully informed of the facts to advise her client . . . . If the attorney possessed no right to arrange legal visit [sic], then the jail or prison staff could deny such visits." (*Id.* at PageID.136.)

This court recently stated that

> [w]hen a party properly objects to portions of a magistrate judge's report and recommendation, the Court reviews such portions *de novo*. *See* Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error in the report are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections—or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error— have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*). Similarly invalid are objections "that merely reiterate[ ] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge." *See id.*

*McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022) (alterations in original); *see Miller*, 50 F.3d at 380 ("In *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505,

5

508–09 (6th Cir. 1991), we held that a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.").

Here, Plaintiff's first argument—that she has a constitutional right to arrange legal visits with her client—is an improper objection because it does not challenge a specific portion of the R&R. In this objection, Plaintiff appears to disagree only with the R&R's overall determination that the rights Plaintiff asserts are not clearly established. (*See* ECF No. 14, PageID.127–128.) Because Plaintiff "disagree[s] with [the] magistrate judge's determination, without explaining the source of the error," this argument is invalid.

Plaintiff's objection is also improper to the extent that it reiterates arguments that she presented in her response to Defendants' motion to dismiss. (ECF No. 11, PageID.69–71 ("The constitutional right of access to courts includes legal visitation and confidential communications with counsel . . . Plaintiff had a right to have confidential communication with D.B. while he was confined at the juvenile facility.").) Objections that repeat arguments already presented and challenge only the R&R's overall determination are improper.

6

Regardless, Plaintiff does not provide a basis for the Court to conclude that *she* has a "constitutional right to arrange legal visits with DB." Even if the Court could reach this conclusion, Plaintiff does not demonstrate that such a right is "clearly established" for purposes of a qualified immunity analysis.

As for Plaintiff's second argument involving the juvenile facility's new written policy for attorney visitation, Plaintiff states:

> Defendants had no clear policy as to how attorneys would arrange for confidential legal visits. *Id*. The Report states that "WCJDF [Wayne County Juvenile Detention Facility] now has a written policy for attorney visits at the facility which should provide the necessary clarification and guidance regarding attorney visits." ECF No. 14, Page ID.138. The problem is that Defendants did not provide a copy of this written policy to Plaintiff's counsel until after the hearing on the dispositive motion. Plaintiff's counsel [sic] review of the new policy found that it was lacking in providing attorneys meaningful access at the juvenile facility. Further, the Court never reviewed this new policy to ensure that it would provide meaningful access by attorneys to their clients at the Juvenile facility.

(ECF No. 16, PageID.134–135.)

Plaintiff's second argument is an improper objection because it does not relate to a "factual [or] legal" issue "at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147. Although Plaintiff cites to a portion of

7

the R&R that mentions the juvenile facility's new written policy for attorney visits, the R&R mentions this written policy only in its conclusion and not as part of its legal analysis. (ECF No. 14, PageID.128.) The R&R's conclusion states:

> The undersigned is not unsympathetic to Dwyer's frustration regarding visiting D.B. However, as Defendants' counsel noted at the hearing, WCJDF now has a written policy for attorney visits at the facility which should provide the necessary clarification and guidance regarding attorney visits. In the end, the rights Dwyer seeks to assert simply are not clearly established under existing law. For the reasons stated above, the undersigned RECOMMENDS that Defendants' motion to dismiss be GRANTED and the case DISMISSED.

(*Id.*)

Even if the R&R had analyzed the policy, any evaluation of the policy is not relevant to Plaintiff's claims. At the hearing before Magistrate Judge Altman, Plaintiff conceded that she is pursuing claims against Defendants only in their individual capacities and not their official capacities. (*Id.* at PageID.120.) Thus, only Defendants' individual conduct—and not the facility's policy—is relevant to her claims. Because the merits of the attorney visitation policy are not before the Court, this portion of the objection is also improper.

8

Accordingly, Plaintiff's first objection is overruled.

### B. Objection 2

In her second objection, Plaintiff argues that the R&R contains an error because she "had third-party standing to challenge the policy of the Juvenile facility."[1] (ECF No. 16, PageID.138.) Plaintiff argues that she

> had third-party standing in this matter since the filing of the complaint . . . . Plaintiff met the . . . requirements of *Jefferson County Bd.*, in that, she is an attorney and sought to provide representation of D.B. at crucial stages of the juvenile proceedings, and that there are allegations that D.B. suffers from a mental illness that would prevent him from litigation [sic] the issues in this lawsuit.

(*Id.* at PageID.139–140.)

In their response to Plaintiff's objections, Defendants state that Plaintiff did not indicate that she had third-party standing in her complaint or response brief opposing the motion to dismiss. (ECF No. 17, PageID.152.) Defendants argue that

---

[1] Plaintiff does not specify in her second objection the particular language in the R&R that she takes issue with. Based on her citation to "ECF No. 14. PageID.125-7," the Court presumes that she is challenging the following statement that appears in the R&R: "As noted above, the First Amendment right of access at issue in *ACLU Fund* was the rights of the inmates to receive mail, and the ACLU was asserting both the rights of itself and of the inmates under a third-party standing theory which Dwyer does not assert here." (ECF No. 14, PageID.125.)

9

> [i]t is well-established that a party may not raise on objection to an R&R new arguments or issues that were not presented to a magistrate judge to whom was referred a dispositive motion. *See Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000); *McCoy v. Smith*, No. 20-11345, 2022 U.S. Dist. LEXIS 21022, *7 (E.D. Mich. Feb. 4, 2022) (unpublished) ("[A]bsent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate judge").
>
> Because Plaintiff did not assert and then brief a position that she had third-party standing to assert any alleged constitutional rights belonging to D.B., she made no oral argument at the motion hearing advocating for third-party standing, she did not attempt to move for reconsideration raising the issue, and no compelling circumstances have been offered for why this argument should be considered in derogation of the normal rules governing Objections, the Court should deem this argument waived and overrule this objection.

(ECF No. 17, PageID.152–153.)

The Court agrees that Plaintiff did not previously allege third-party standing in her complaint (ECF No. 1) or address it in her response brief to the motion to dismiss. (ECF No. 11.) Both filings refer only to Plaintiff's own rights and not the rights of her client. Parties are not allowed "to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902

10

n.1 (6th Cir. 2000). Here, Plaintiff had the opportunity to amend her complaint to include a claim made on behalf of her client, but she did not do so. Because Plaintiff is asserting third-party standing for the first time in her objections, the objection is invalid.

Accordingly, Plaintiff's second objection is overruled.

### C. Objection 3

In her third objection, Plaintiff argues that the R&R is mistaken because "*ACLU v Livingston County* was not based on a request for third-party standing but either on the standing of the ACLU or a recognition of third-party standing for the ACLU." (ECF No. 16, PageID.140.) Plaintiff argues:

> In [the R&R], it is claimed that the "ACLU, suing on behalf of itself and the inmates…" (ECF No. 14, PageID.123; *see also id*, PageID.125.) However, a review of the Complaint filed in *ACLU v. Livingston County* shows that there was no request for third-party standing. (ECF No. 1) and no mention that the inmates were named parties. In the *Order* granting an injunction, there was no discussion of third-party standing. (ECF No. 12, 148-156.) The Report was wrong in claiming that the ACLU suit was brought on behalf of the inmates. The inmates at the jail were not named parties.

(ECF No. 16, PageID.141.)

11

Plaintiff's objection fails for three reasons. First, Plaintiff confuses the issue of third-party standing with being a named plaintiff. That inmates were not named parties in *Livingston County* does not mean that the ACLU was not asserting claims on their behalf. "Third-party standing permits a plaintiff to assert the constitutional or statutory rights of parties not before the court if the plaintiff has a close relationship to those parties and if they are hindered in protecting their own rights." *Ass'n of Am. Physicians & Surgeons v. U.S. Food & Drug Admin.*, 13 F.4th 531, 547 (6th Cir. 2021) (citing *Kowalski v. Tesmer*, 543 U.S. 125, 129–30 (2004)). In other words, in certain circumstances a plaintiff can assert a claim on behalf of someone who is not a named party in the case by asserting third-party standing.

Second, contrary to Plaintiff's assertion, the ACLU did in fact sue on behalf of itself and certain inmates in *Livingston County*. Paragraph 5 of the complaint filed in that case states:

> The ACLU, for itself and on behalf of the inmates who are not receiving legal mail sent by ACLU attorneys and do not even know that the ACLU is attempting to contact them, seeks immediate relief from this Court to restore some of the most basic principles of constitutional law to the policies and practices of the Livingston County Jail."

12

Complaint at 3, *ACLU Fund of Mich. v. Livingston Cnty.*, 23 F. Supp. 3d 834 (E.D. Mich. 2014) (No. 2:14-cv-11213). Unlike the complaint in this case, the complaint in *Livingston County* explicitly states that the ACLU is suing "for itself and on behalf of . . . inmates." *Id.*

Third, even if Plaintiff's interpretation of *Livingston County* is correct (and the ACLU did not sue on the behalf of both itself and certain inmates), Plaintiff does not provide a basis for the Court to reject the R&R's proposed findings and conclusions. *Livingston County* does not demonstrate that Plaintiff had a clearly established independent First Amendment right as an attorney to confidential client communications. As the R&R notes,

> "[c]learly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *Wesby*, 138 S. Ct. at 589 (internal quotation marks omitted). "In other words, existing law must have placed the constitutionality of the officer's conduct 'beyond debate.' " *Id.* (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011)). "This demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.' " *Wesby*, 138 S. Ct. at 589 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Importantly, "[i]t is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish

the particular rule the plaintiff seeks to apply." *Wesby*, 138 S. Ct. at 590.

(ECF No. 14, PageID.122.) "A right is clearly established for purposes of overcoming the qualified immunity defense only when 'existing precedent [has] placed the statutory or constitutional question beyond debate,' although we do not require 'a case directly on point.'" *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 275 (6th Cir. 2020) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Here, "existing precedent" does not place the constitutional question at issue in this case "beyond debate." *Id.* As Defendants note, the facts of *Livingston County* differ significantly from the facts of this case. Defendants argue that

> even if *Livingston County* did establish that attorneys have their own independent First Amendment civil claims under § 1983 if their legal mail is interfered with, it does not address expressly or by any reasonable implication that: (1) a government employee violates the attorney's personal First Amendment rights by asking for evidence of representation before allowing a face-to-face meeting with a juvenile in a secured facility housing children and adolescents; (2) a government employee violates an attorney's personal First Amendment rights by providing a meeting setting that is not outside the theoretical earshot of facility guards and other juveniles; and (3) a government employee violates an attorney's personal First Amendment rights by, upon the

14

> request of the juvenile, reading the contents of a note composed by the attorney. The clearly-established prong requires specificity and guidance for government employees facing specific situations. The law provides government employees the benefit of the doubt in civil cases if the contours of any constitutional rights asserted are unclear.

(ECF No. 17, PageID.160.)

The Court agrees with the reasoning in the R&R and Defendants' response to Plaintiff's objections and finds that *Livingston County* does not provide a sufficient basis for the Court to conclude that Plaintiff has a clearly established First Amendment right to confidential client communications. The language in *Livingston County* is not clear enough such that "every reasonable official would interpret it to establish" the independent First Amendment rights that Plaintiff claims. *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).

Further, Sixth Circuit precedent refers only to a prisoner's First Amendment right. *See, e.g.*, *Livingston County*, 796 F.3d at 643 ("A 'prisoner's interest in unimpaired, confidential communication with an attorney is an integral component of the judicial process and, therefore, . . . as a matter of law, mail from an attorney implicates *a prisoner's* protected legal mail rights. *See Kensu*, 87 F.3d at 174 (referring to a

15

*prisoner's right* to protect the contents of correspondence with an attorney as a "fundamental right.").'") (emphasis added); *id.* at 643 (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992), which stated that "[a] prisoner's right to receive mail is protected by the First Amendment."). Moreover, based on the Court's own review of the district court filings in *Livingston County*, it appears that the rights at issue in that case were the First Amendment rights of inmates to receive legal mail and the First Amendment right of the ACLU—not individual attorneys—"to offer *pro bono* legal assistance in furtherance of its mission of protecting civil liberties by challenging unconstitutional laws and policies." (Case No. 14-cv-11213, ECF No. 11, PageID.135 (citing *Jean v. Nelson*, 711 F.2d 1455, 1508–09 (11th Cir. 1982)).) Therefore, the alleged constitutional rights at issue in this case—those of Plaintiff, an individual attorney, to the First Amendment right to confidential client communications—were not at issue in *Livingston County*.

In addition, the *Livingston County* decision Plaintiff relies on involved an interlocutory appeal of an order granting a preliminary injunction, which involves a different legal standard than the one applicable to a motion to dismiss. In its decision, the Sixth Circuit

considered whether the ACLU was likely to succeed on its First Amendment claim; it did not go so far as to decide that the ACLU actually succeeded on that claim. Because *Livingston County* settled after the Sixth Circuit issued its opinion, a final decision and judgment on the First Amendment claim in that case was never rendered.

In summary, Plaintiff's objection fails because she confuses the issue of third-party standing with being a named plaintiff, incorrectly claims that the ACLU did not sue on behalf of inmates and does not demonstrate that the First Amendment rights she claims are clearly established for the purposes of qualified immunity.

Accordingly, Plaintiff's third objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Court OVERRULES Plaintiff's objections (ECF No. 16), ADOPTS the Magistrate Judge's R&R (ECF No. 14) and GRANTS Defendants' motion to dismiss. (ECF No. 9.)

IT IS SO ORDERED.

Dated: October 6, 2022  s/Judith E. Levy
   Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

17

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 6, 2022.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager